**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Thelma L. Boone, | ) | Civil Action No. 5:15-cv-04772-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Quicken Loans, Inc., | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Vance L. Boone, | ) | Civil Action No. 5:15-cv-04843-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Quicken Loans, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court pursuant to Defendant Quicken Loans, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 2.) Plaintiff Thelma Boone ("Plaintiff") opposes Defendant's Motion to Dismiss. (ECF No. 35.) For the reasons set forth below, the court **DENIES in Part and GRANTS in Part** Defendant's Motion to Dismiss.[1]

---

[1] In denying in part Defendant's Motion to Dismiss, the court finds it appropriate to consolidate Plaintiff's case with *Vance L. Boone v. Quicken Loans, Inc.*, Civil Action No. 5:15-cv-4843 (D.S.C. filed Dec. 4, 2015). (See *infra* III.D for discussion.) For the purposes of this order and opinion, the court references Plaintiff Thelma Boone and the complaint filed in Civil Action No. 5:15-cv-4772, however, the court finds that the complaint filed in *Vance L. Boone v. Quicken Loans, Inc.*, Civil Action No. 5:15-cv-4843 (D.S.C. filed Dec. 4, 2015) is identical to the complaint referenced by the court. Further, the arguments in the Motion to Dismiss filed by Defendant are identical in both cases as well. Accordingly, any findings and conclusions of law as identified in this order and opinion are applicable to both Plaintiffs as a result of the consolidation of the cases.

## I. RELEVANT BACKGROUND OF PENDING MOTION

On October 15, 2015, Plaintiff filed a complaint for a non-jury trial in the Court of Common Pleas in Orangeburg County, South Carolina. (ECF No. 1-1 at 7.) Plaintiff alleges that she obtained a real estate loan with Defendant.[2] (*Id.* at 8 ¶ 5.) Plaintiff further alleges that pursuant to South Carolina law, Defendant was required to determine Plaintiff's preference for legal counsel to assist her during the closing of the transaction. (*Id.* at 8 ¶ 6.) Plaintiff alleges that Defendant provided her with a pre-populated Attorney/Insurance Preference Checklist, which prevented Plaintiff from choosing an attorney to represent her in the transaction. (*Id.* at 9 ¶¶ 11-13.) According to Plaintiff, the deprivation of a meaningful choice as to the attorney to represent her in the transaction was unconscionable pursuant to S.C. Code Ann. §§ 37-10-105(c) (2016), 37-5-108 (2016). (*Id.* at 9 ¶14.) Plaintiff requests that the court issue an order and grant relief pursuant to S.C. Code Ann. § 37-10-105(c). (*Id.* at 10 ¶ 23.) Plaintiff further requests that the court assess a statutory penalty between $1,500.00 and $7,500.00. (*Id.* at 10 ¶ 24.) Plaintiff also asserts that she is entitled to attorney's fees and costs from Defendant as permitted by statute. (*Id.* at 11 ¶ 25.) For jurisdictional purposes, Plaintiff alleged that she is a citizen of the state of South Carolina; and Defendant is a corporation organized under the laws of a state other than the state of South Carolina with a principal place of business in Michigan.[3] (ECF No. 1-1 at 8 ¶¶ 1, 2.) Plaintiff did not specify an amount of damages in the Complaint, but prayed "for the relief set forth above, for attorney fees and the costs of this action, and for such other and further relief as this court deems

---

[2] Defendant is the servicer of Plaintiff's loan, which is secured by a mortgage (hereinafter "loan agreement") on Plaintiff's real property. The loan agreement establishes Defendant's security interest in the property which endures until Plaintiff pays the debt. (*See* ECF No. 1-2 at 3 ¶ 6.)

[3] Plaintiff did not specify a state of incorporation for Defendant in the Complaint. (*See* ECF No. 1-1 at 4 ¶ 2.) In the Notice of Removal, Defendant admits that its principal place of business and place of incorporation is Michigan. (ECF No. 1 at 2.)

just and proper, but in no event, for an amount greater than Seventy-Five Thousand Dollars ($75,000)." (*Id.* at 11.)

On November 30, 2015, Defendant filed a Notice of Removal asserting that the court possessed jurisdiction over the matter because complete diversity of citizenship exists between the parties and the amount in controversy requirement is met. (ECF No. 1 at 2.) Defendant also filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 2.) Thereafter, on December 17, 2015, Plaintiff moved the court to remand the matter to state court on the basis "that the amount in controversy does not exceed $75,000.00 as required under 28 U.S.C. § 1332(a)(1)." (ECF No. 9.) Plaintiff also moved the court to stay all matters related to Defendant's Motion to Dismiss.[4] (ECF No. 9.) After a hearing on the matter, the court denied Plaintiff's Motion to Remand, and extended the time for Plaintiff to respond to Defendant's Motion to Dismiss. (ECF Nos. 31, 32.) On May 9, 2016, Plaintiff filed a Return in Opposition to Defendant's Motion to Dismiss. (ECF No. 35.) Subsequently, Defendant filed a Reply in Support of its Motion to Dismiss. (ECF No. 37.) A hearing on the matter was held on June 28, 2016.

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to withstand a motion to dismiss, a complaint must contain factual content

---

[4] In a text order dated March 4, 2016, this court granted the motion to stay motion to dismiss pending the resolution of the motion to remand. (ECF No. 19.)

that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. *Id.* at 679. If the court determines that those factual allegations can "plausibly give rise to an entitlement to relief," dismissal is not warranted. *Id.*

### III. ANALYSIS

The allegation at the crux of Plaintiff's complaint is that Defendant violated the attorney preference statute, S.C. Code Ann. § 37-10-102 (2016), by providing Plaintiff with an attorney preference form that was already filled in. (ECF No. 1-1 at 9 ¶ 8.) Instead of permitting Plaintiff to select her own attorney, Plaintiff alleges that she was provided with a form in which "I/We will not use the services of legal counsel" was already printed on the form with no option to fill in her own selection. (*Id.* at ¶ 9.) Defendant asserts that these allegations demonstrate that Defendant complied with section 37-10-102, and as such, Plaintiff's claim should be dismissed. (ECF No. 2 at 4.) Defendant further asserts that Plaintiff's claim should be dismissed because she is not entitled to the relief requested pursuant to S.C. Code Ann. § 37-10-105(c), (*Id.* at 9); her claim is barred by the statute of limitations, (*Id.* at 14); and she is a co-obligor to the same loan agreement at issue in *Vance L. Boone v. Quicken Loans, Inc.*, Civil Action No. 5:15-cv-4843 (D.S.C. filed Dec. 4, 2015), (*Id.* at 15).

#### A. Attorney Preference Violation Claim

Pursuant to section 37-10-102, "whenever the primary purpose of a loan that is secured . . . by a lien on real estate is for a personal, family or household purpose: (a) the creditor must ascertain prior to closing the preference of the borrower as to the legal counsel that is employed to represent the debtor in all matters of the transaction relating to the closing of the transaction." S.C.

4

Code Ann. § 37-10-102(a). The purpose of the statute is to protect borrowers by requiring "clear and prominent disclosure of all information necessary to ascertain the borrower's preference as to legal counsel." *Davis v. NationsCredit Financial Services Corp.*, 484 S.E.2d 471, 472 (S.C. 1997). In order to comply with the statute, a creditor may either include the preference information with the credit application on a form similar to one established by the administrator, or the creditor may deliver written notice to the borrower of the preference information within three business days after the application is received or prepared. S.C. Code Ann § 37-10-102(a)(1)-(2).

Here, Defendant seems to argue that because Plaintiff signed the form with the allegedly pre-selected option indicating no preference, this demonstrates that Defendant complied with the statute. The crux of Defendant's argument is that the form itself complies with the statute because the form discloses information to the borrower regarding the right to select legal counsel. Though the court finds that the attorney preference form at issue informs the borrower of the right to counsel as required by the statute, the court also finds that, based on the facts as alleged, the form was provided to Plaintiff pre-populated without providing Plaintiff an opportunity to select an attorney. During the hearing, Defendant emphasized that the statute indicates a "creditor may comply with [the] section by" providing a form similar to the administrator-produced form[5] which includes the preference information along with the credit application. *See* S.C. Code Ann § 37-10-102(a)(1)-(2). Defendant contends that the use of the word "may" in the statute alleviates its obligation to provide borrowers with either of the forms specifically enumerated in the statute.[6]

---

[5] The "administrator-produced form" refers to an attorney preference form produced by the South Carolina Department of Consumer Affairs.

[6] Defendant provided the court with a number of decisions from other district courts in South Carolina which found that the attorney preference form provided by the creditor does not have to be similar to the form distributed by the administrator, just that the creditor has to provide written notice to the borrower of the preference information. Further, the courts found that there is no requirement that the borrower has to designate an attorney in order to comply with the statute. *See*,

5

This court agrees. However, the mandate of the statute is that a creditor "must ascertain . . . the preference of the borrower." *Id.* Thus, regardless of what type of form Defendant provides to borrowers, whether it is similar to the administrator-produced form as discussed in the statute or not, Defendant, at some point prior to closing, must determine a borrower's choice of attorney for closing. Defendant's form fails to ascertain the preference of the borrower if it is already pre-populated with "I/we will not use the services of legal counsel" before being informed by the borrower of her selection.

  The legislative intent of the attorney preference statute is to protect borrowers by giving them the option to select their own counsel to assist them during the closing of the transaction. In protecting borrowers, the statute requires that lenders like Defendant ascertain Plaintiff's attorney preference. The facts as alleged by Plaintiff indicate that Defendant provided Plaintiff with a form where the attorney preference portion was already filled in, then required Plaintiff to sign the form. (ECF No. 1-1 at 9 ¶ 8-9.) Plaintiff further alleges that she was not allowed to choose an attorney to represent her in the transaction. (*Id.* at ¶ 12). If the facts as alleged by Plaintiff are true, it is hard to imagine how Defendant could have ascertained Plaintiff's preference for an attorney if Defendant essentially told Plaintiff what her preference was by providing her with an already completed form. If the facts as alleged are true, they would seem to support Plaintiff's allegation that she was deprived of a meaningful choice in selecting her attorney for this transaction. At this

---

*e.g.*, *Duane S. Green v. Household Finance Corporation*, Civil Action No. 3:02-2436-17 (D.S.C. Jan. 12, 2004); *Barnell v. Young v. Household Finance Corporation*, Civil Action No. 3:02-2439-17 (D.S.C. Jan. 12, 2004); *Evelyn P. Robinson v. Kentucky Finance Co.*, Civil Action No. 4:97-393-23 (D.S.C. Sept. 4, 1997). The court finds that the cases presented by Defendant are distinguishable from the case before the court because in those cases, the borrowers were arguing that the creditor violated the attorney preference statute because the form was dissimilar from the administrator-produced form. Here, Plaintiff does not assert that the form itself violates the attorney preference statute, but that the pre-population of the form with a preference designation prevents Defendant from actually ascertaining Plaintiff's preference, which violates the statute.

stage in the litigation, the court is required to determine whether or not Plaintiff has alleged enough facts that would reasonably entitle her to relief. This court is not required to determine whether the evidence supports Plaintiff's claims.[7] Here, Plaintiff asserts that Defendant did not ascertain her preference for an attorney because Defendant provided her with a form where a preference to not have an attorney was pre-selected for her. The court finds that the allegations in the complaint support a claim that Defendant violated section 37-10-102 of the South Carolina Code.

### B. Relief Pursuant to S.C. Code Ann. § 37-10-105(c)

Second, Plaintiff seeks relief pursuant to S.C. Code Ann. § 37-10-105(c) for Defendant's alleged violation of the attorney preference statute. Defendant contends that Plaintiff cannot receive relief pursuant to the aforementioned section because it is not applicable to violations of the attorney preference statute since Plaintiff's transaction is not addressed in S.C. Code Ann. § 37-5-108. (*See* ECF No. 2 at 9.) Pursuant to S.C. Code Ann. § 37-10-105(c), when a court finds that an "agreement or transaction is unconscionable pursuant to section 37-5-108 at the time it was made, or was induced by unconscionable conduct," the court may grant relief which includes awarding attorneys' fees and declaring the contract unenforceable either as a whole or in part. S.C. Code Ann. § 37-10-105(c). Section 37-5-108 indicates that it applies to consumer credit transactions. S.C. Code Ann. § 37-5-108(1). A consumer credit transaction is defined as "a consumer credit sale or consumer loan or a refinancing or consolidation thereof, a consumer lease,

---

[7] In the Reply, Defendant asserts that in a previous hearing before a Special Referee of the South Carolina Supreme Court, Plaintiff admitted that she did not have a preferred attorney and agreed with the statements on the attorney preference form. (ECF No. 37 at 10.) To support this contention, Defendant attached excerpts of the transcripts to the Reply, (ECF No. 37-2), and encourages this court to take judicial notice of the transcripts. It would be an error for this court to take judicial notice of such facts on a motion pursuant to Rule 12(b)(6) because "the court's task is to test the legal feasibility of the complaint without weighing the evidence that might be offered to support or contradict it." *Lotus v. F.D.I.C.*, 989 F. Supp. 2d 483, 491 (D.S.C. 2013).

or a consumer rental purchase agreement." S.C. Code Ann. § 37-1-301(11). A loan secured by a lien or security interest in real estate is not considered a consumer loan, and as a result is not a consumer credit transaction. S.C. Code Ann. §§ 37-3-104, 37-3-105(1). Accordingly, Defendant contends that because Plaintiff's mortgage is not a consumer credit transaction, it cannot be found unconscionable under section 37-5-108, and as a result, Plaintiff cannot receive relief under 37-10-105(c).

In order to determine whether Plaintiff may receive relief pursuant to section 37-10-105(c), this court is required to "ascertain and effectuate the intent of the legislature." *CPRE, LLC v. Greenville County Assessor*, 716 S.E.2d 877, 881 (S.C. 2011) (defining the primary rule of statutory interpretation) (internal quotations and citations omitted). In doing so, the court must read the statute as a whole and construe the sections together to determine their proper effect. *Id.* Thus, the court "should not concentrate on isolated phrases within the statute," and must read the statute such that no clause is rendered superfluous. *Id.* Pursuant to section 37-10-105(c), in order to receive relief, the court must determine that the transaction was unconscionable or induced by unconscionable conduct as defined in section 37-5-108. Although section 37-5-108 indicates that it applies to consumer credit transactions, and Plaintiff's transaction does not qualify, that does not end this court's inquiry. In defining the scope for chapter 10 of title 37, the legislature indicated that the chapter "applies to designated loan transactions other than consumer loan transactions." S.C. Code Ann. § 37-10-101. Accordingly, section 37-10-105 was intended to apply to loan transactions, such as mortgages, which do not qualify as consumer loan transactions. Thus, section 37-10-105(c) would have no efficacy if this court were to construe the statute in the way Defendant suggests. Essentially, Defendant asserts that the relief provided for in section 37-10-105(c) cannot be received by the class of transactions the chapter was written for because section 37-5-108

expressly excludes them. Such a construction makes no sense. It is clear that, pursuant to section 37-10-105(c), if a court finds that an agreement or transaction regarding a non-consumer loan is unconscionable using the guidelines and principles outlined in section 37-5-108, the court can grant the relief outlined in subsection (c). Therefore, the court finds that the relief outlined in S.C. Code Ann. § 37-10-105(c) may be available for the alleged attorney preference violation in Plaintiff's mortgage transaction.

In order for the relief outlined in section 37-10-105(c) to be available to Plaintiff, this court must find that Plaintiff has properly alleged either that the transaction was unconscionable or that it was induced by unconscionable conduct. "Unconscionability has been recognized as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms which are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *Fanning v. Fritz's Pontiac-Cadillac-Buick, Inc.*, 472 S.E.2d 242, 245 (S.C. 1996). Traditionally, a finding of unconscionability "requires a showing of both substantive unconscionability, or unfairness in the contract itself, and procedural unconscionability, or unfairness in the bargaining process." *McFarland v. Wells Fargo Bank, N.A.*, 810 F.3d 273, 277 (4th Cir. 2016). However, based on the statute at issue, it appears that the legislature provided for an alternative theory of unconscionability based solely on conduct which caused Plaintiff to enter into the loan. *Id.* at 284-85 (interpreting a West Virginia statute providing for a finding of unconscionability based on an agreement that was induced by unconscionable conduct, the Fourth Circuit determined that substantive unconscionability was not required). But, for the conduct to qualify as an unconscionable inducement, it appears that Defendant's conduct must be an "affirmative [misrepresentation] or active deceit." *Id.* at 286.

Here, Plaintiff alleges that "Defendant's pre-populated Attorney/Insurance Preference Checklist presented to Plaintiff deprived her of a meaningful choice as to attorney to represent her in all aspects of the transaction and is unconscionable under South Carolina law[.]" (ECF No. 1-1 at 9 ¶ 14.) Plaintiff further asserts that in doing so, Defendant steered Plaintiff to its affiliated company to handle the transaction, which enriched the company and deprived Plaintiff of her statutory rights. (*Id.* at 10 ¶¶ 15-17.) Plaintiff also alleges that "by presenting Plaintiff with a pre-populated form, Defendant sought to obtain from the borrower a waiver of her right to counsel," and that seeking such a waiver is unconscionable. (*Id.* at ¶¶ 20-21.) Defendant asserts that Plaintiff failed to assert any allegation of substantive unconscionability, so her claim fails. (*See* ECF No. 37 at 14.) This court agrees.

Even though Plaintiff has alleged that Defendant's conduct deprived her of a meaningful choice as to her choice of attorney, Plaintiff has not alleged that any term of the loan agreement was so oppressive that no reasonable person would accept the agreement. Nor does Plaintiff allege any facts consistent with the factors listed under section 37-5-108(4)(a), which might give rise to a finding of unconscionability. Thus, based on Plaintiff's allegations, this court cannot find that the loan agreement was unconscionable at the time it was made. Further, this court cannot find that Defendant's alleged failure to ascertain Plaintiff's choice of attorney indicates that the agreement was induced by unconscionable conduct. The facts as alleged indicate that Plaintiff applied for the loan with Defendant. (ECF No. 1-1 at 9 ¶ 8.) There is no allegation that Plaintiff chose to apply for the loan based on statements made, or conduct, by Defendant regarding Plaintiff's ability to choose an attorney for closing. Accordingly, Plaintiff has not stated a claim for unconscionable inducement. Therefore, the court finds that Plaintiff has not properly stated a claim that would entitle her to relief pursuant to S.C. Code Ann. § 37-10-105(c).

### C. Statute of Limitations for Attorney Preference Claim

Pursuant to the statute, "no debtor may bring an action for a violation of this chapter more than three years after the violation occurred." S.C. Code Ann. § 37-10-105(a). Defendant asserts that because Plaintiff completed the form which is the subject of the alleged violation on September 18, 2012, that her claim expired on September 18, 2015. (ECF No. 2 at 14.) Because Plaintiff did not file this action until October 15, 2015, Defendant asserts that her claim is barred by the statute of limitations. (*Id.* at 14-15.)

The attorney preference statute requires that a "creditor must ascertain prior to closing the preference of the borrower as to legal counsel that is employed to represent the debtor in all matters of the transaction." S.C. Code Ann. § 37-10-102(a). Thus, a creditor does not violate the attorney preference statute unless the loan has closed without the creditor attempting to ascertain the debtor's preference for attorney. Here, even though the allegedly violative form was completed and signed on September 18, 2012, (ECF No. 1-1 at 13), the closing was not completed until October 25, 2012, (ECF No. 1-1 at 27). Therefore, Defendant had until October 25, 2012, to ascertain Plaintiff's preference for attorney before being eligible for violation of the attorney preference statute. Accordingly, Plaintiff had three years from the date of closing to file this action. Because Plaintiff filed this action on October 15, 2012, (ECF No. 1-1 at 7), this court finds that Plaintiff's claim is not barred by the statute of limitations.

### D. Consolidation with Vance Boone v. Quicken Loans, Inc.

Finally, Defendant asserts that a claim for a violation of the attorney preference statute is tied to a single transaction. Because Plaintiff and her husband, the plaintiff in *Vance L. Boone v. Quicken Loans, Inc.*, Civil Action No. 5:15-cv-4843 (D.S.C. filed Dec. 4, 2015), are co-obligors in the same loan agreement, they are necessary parties in each other's cases. *See Delta Fin. Corp.*

11

*v. Paul D. Comanduras & Associates*, 973 F.2d 301, 305 (4th Cir. 1992) ("The cases are virtually unanimous in holding that in suits between parties to a contract seeking rescission of that contract, all parties to the contract, and others having a substantial interest in it, are necessary parties.") Defendant asserts that Plaintiff's claim, as asserted without her husband, should be dismissed. This court agrees, that based on the plain language of the statute, a creditor can only violate the attorney preference statute once per single transaction. *See* S.C. Code Ann. 37-10-102(a) ("creditor must ascertain prior to closing the preference . . . as to legal counsel. . . in all matters of **the transaction**.") (emphasis added). Even though section 37-10-105(a) indicates that "the debtor has a cause of action" for violations of the chapter, a debtor is defined as "an obligor in a credit transaction, including any cosigner . . . and any person who agrees to assume the payment of a credit obligation." S.C. Code Ann. § 37-1-301(14). Thus, the "debtor" with a cause of action for violations of the attorney preference statute includes all parties to the transaction, who are responsible for payment, in which the alleged attorney preference violation occurred. Here, both Plaintiff and her husband, Vance Boone, were co-obligors to the loan agreement at issue in both cases. (*See* ECF No. 1-1 at 14-28.) Further, they both signed the attorney preference form at issue in both cases. (ECF No. 1-1 at 13.) Accordingly, the court finds that Plaintiff should not be permitted to maintain a separate action for the same attorney preference violation in the same transaction at issue in *Vance L. Boone v. Quicken Loans, Inc.*, Civil Action No. 5:15-cv-4843 (D.S.C. filed Dec. 4, 2015). However, the court does not find that dismissal is appropriate.

Instead, the court finds that the appropriate action to take in this matter is to consolidate the cases pursuant to Fed. R. Civ. P. 42(a). Rule 42(a) of the Federal Rules of Civil Procedure provides that where actions involve a common question of law or fact, the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue

any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts have broad discretion under F[ed]. R. Civ. P. 42(a) to consolidate causes pending in the same district." *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) (citation omitted). "[C]onsolidation is appropriate when to do so will 'foster clarity, efficiency and the avoidance of confusion and prejudice.'" *Workman v. Nationwide Mut. Ins. Co.*, C/A Nos. 4:12-cv-02567-JMC, 4:11-cv-01734-JMC, 2013 WL 2285937, at *3 (D.S.C. May 23, 2013) (citation omitted). Because this court is convinced that Plaintiff's case shares common issues of law and fact with *Vance L. Boone v. Quicken Loans, Inc.*, Civil Action No. 5:15-cv-4843 (D.S.C. filed Dec. 4, 2015), the cases shall be consolidated. The court is unable to conclude that prejudice will result to any party as a result of the consolidation, however, to the extent that any potential prejudice exists, it is outweighed by the benefit of judicial economy and avoidance of confusion provided by the consolidation.

## IV.    CONCLUSION

Based on the foregoing, *Thelma Boone v. Quicken Loans, Inc.*, Civil Action No. 5:15-cv-4772 (D.S.C. filed Nov. 13, 2015) and *Vance L. Boone v. Quicken Loans, Inc.*, Civil Action No. 5:15-cv-4843 (D.S.C. filed Dec. 4, 2015) are hereby consolidated. The Clerk will enter a notice advising the parties how to designate future filings in these cases.

Further, Defendant's Motion to Dismiss, (ECF No. 2), is **DENIED in Part and GRANTED in Part**. Defendant's motion is denied to the extent that this court finds that Plaintiffs' complaint is timely and legally sufficient to support a claim that Plaintiffs are entitled to relief for Defendant's alleged violation of S.C. Code Ann. § 37-10-102. However, Defendant's motion is granted to the extent that Plaintiffs seek relief pursuant to S.C. Code Ann. § 37-10-105(c) because this court finds that Plaintiffs' complaint is not legally sufficient to support an entitlement to relief

based on unconscionability. Accordingly, Plaintiffs' claim for relief pursuant to S.C. Code Ann. § 37-10-105(c) is **DISMISSED without prejudice**.  The parties shall proceed with this case as outlined in the scheduling order as to all other claims for relief.

    **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 30, 2016
Columbia, South Carolina

14