# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Thelma Boone, | ) | Civil Action No.: 5:15-cv-04772-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Quicken Loans, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Vance L. Boone, | ) | Civil Action No.: 5:15-cv-04843-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Quicken Loans, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In these consolidated actions, Plaintiffs Thelma Boone and Vance L. Boone (together "Plaintiffs") filed the above-captioned actions against Defendant Quicken Loans, Inc. alleging claims for violation of the South Carolina Attorney Preference Statute ("SCAPS"), S.C. Code § 37-10-102 (2017), in the context of a mortgage loan closing. *T. Boone v. Quicken Loans, Inc.*, C/A No. 5:15-cv-04772-JMC, ECF No. 1-1 at 9 ¶¶ 8–13 (D.S.C. Nov. 30, 2015) ("*Boone* 1"); *V. Boone v. Quicken Loans, Inc.*, C/A No. 5:15-cv-04843-JMC, ECF No. 1-1 at 10 ¶¶ 8–13 (D.S.C. Dec. 4, 2015) ("*Boone* 2").

This matter is before the court on Plaintiffs' Motions to Alter or Amend Judgment pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. (ECF No. 156 (*Boone* 1); ECF No. 153 (*Boone* 2).) Specifically, Plaintiffs seek to alter or amend the Orders entered on February 9, 2018 (ECF No. 154 (*Boone* 1); ECF No. 151 (*Boone* 2)) (the "February Orders"), in which the court granted Quicken Loans' Motions for Summary Judgment and denied Plaintiffs'

Motions for Summary Judgment. (ECF Nos. 88, 91 (*Boone* 1); ECF Nos. 86, 89 (*Boone* 2)).) Quicken Loans opposes Plaintiffs' Motion to Alter or Amend asserting that they should be denied. (ECF No. 157 at 2 (*Boone* 1); ECF No. 154 at 2 (*Boone* 2).) For the reasons set forth below, the court **DENIES** Plaintiffs' Motion to Alter or Amend.

## I. RELEVANT BACKGROUND TO PENDING MOTION

Quicken Loans "is a nationwide online mortgage lender that provides, among other things, residential mortgage loan refinances." *Boone v. Quicken Loans, Inc.*, 803 S.E.2d 707, 709 (S.C. 2017). "Under the Quicken Loans refinance procedure, the borrowers have already purchased the property and are simply seeking a new mortgage loan (presumably with more favorable terms) to replace the existing loan." *Id.*

On or about September 13, 2012, Thelma Boone provided information by telephone to Quicken Loans' mortgage banker for purposes of completing a loan application to refinance the mortgage on Plaintiffs' residence located at 226 River Drive, Rowesville, South Carolina.[1] (ECF No. 88-5 at 3 ¶¶ 4–5 (*Boone* 1); ECF No. 86-5 at 3 ¶¶ 4–5 (*Boone* 2).) As a result of the information provided by Thelma Boone, Quicken Loans generated loan application documents that were sent to Plaintiffs to review and sign. (*Id.*) In addition to the loan application package, Quicken Loans included an Attorney/Insurance Preference Checklist (the "AIPC"). (*Id.*; *see also* ECF No. 1-1 at 13 (*Boone* 1); ECF No. 1-1 at 14 (*Boone* 2).) Based on the information provided by Thelma Boone, Quicken Loans sent Plaintiffs an AIPC that was prepopulated with the following relevant information (in bold):

---

[1] Plaintiffs had prior experience with the loan application process having refinanced the mortgage on their residence a total of nine times: "in 1991 with National Bank of South Carolina; in 1996, 1999, 2001, and 2003 with CPM Federal Credit Union; and in 2011, 2012, and 2015 with Quicken Loans." (ECF No. 88 at 3 (*Boone* 1); ECF No. 86 at 3 (*Boone* 2); *see also* ECF No. 88-1 at 7 ¶ 11 (*Boone* 1); ECF No. 86-1 at 7 ¶ 11 (*Boone* 2).)

1. I (We) have been informed by the lender that I (we) have a right to select legal counsel to represent me(us) in all matters of this transaction relating to the closing of this loan.

   (a) I select **I/We will not use the services of legal counsel**.

   _____   _____
   Borrower **Vance L. Boone**        Date   Borrower **Thelma Boone**        Date
   _____   _____
   Borrower                            Date   Borrower                         Date

   (b) Having been informed of this right, and having no preference, I asked for assistance from the lender and was referred to a list of acceptable attorneys. From that list I select

   **Not Applicable**_____   **Not Applicable**_____
   Borrower                            Date   Borrower                         Date
   **Not Applicable**_____   **Not Applicable**_____
   Borrower                            Date   Borrower                         Date

(ECF No. 1-1 at 13 (*Boone* 1); ECF No. 1-1 at 14 (*Boone* 2).)

On September 17 and 18, 2012, Plaintiffs signed the loan application documents and the AIPC. (ECF No. 88-5 at 3 ¶ 6 (*Boone* 1); ECF No. 86-5 at 3 ¶ 6 (*Boone* 2).) Plaintiffs then sent the signed loan application documents to Quicken Loans by telefax on September 17, 2012, and the AIPC to Quicken Loans on September 19, 2012. (ECF Nos. 1-1 at 13 & 88-7 (*Boone* 1); ECF Nos. 1-1 at 14 & 86-7 (*Boone* 1).) On October 19, 2012, Thelma Boone had a telephone conversation with a Quicken Loans' representative to discuss the details of the loan closing, including who would be in attendance. (ECF No. 88-5 at 3–4 ¶ 7 (*Boone* 1); ECF No. 86-5 at 3–4 ¶ 7 (*Boone* 1).) On October 25, 2012, Plaintiffs met with attorney Justin Tapp of McDonnell & Associates, P.A. and signed a disclosure form agreeing to the terms of McDonnell & Associates' representation at the loan closing. (ECF No. 88-8 at 3–4 ¶ 7 (*Boone* 1); ECF No. 86-8 at 3–4 ¶ 7 (*Boone* 2).) On October 26, 2012, Plaintiffs completed their loan closing. (ECF No. 88-8 at 3 ¶ 4 (*Boone* 1); ECF No. 86-8 at 3 ¶ 4 (*Boone* 2).)

On October 15, 2015, Plaintiffs filed Complaints against Quicken Loans in the Court of

Common Pleas for Orangeburg County, South Carolina alleging violation of the SCAPS.[2] (ECF No. 1-1 at 10 ¶ 12 (*Boone* 1); ECF No. 1-1 at 9 ¶ 12 (*Boone* 2).) After Quicken Loans removed the cases to this court and they were consolidated, the parties engaged in and completed discovery on March 1, 2017. Quicken Loans then moved for summary judgment on March 31, 2017. (ECF No. 88 (*Boone* 1); ECF No. 86 (*Boone* 2).) On that same day, Plaintiffs filed their Cross-Motions for Summary Judgment. (ECF No. 91 (*Boone* 1); ECF No. 89 (*Boone* 2).) After the court entered the February Order, Plaintiffs moved to alter or amend judgment on March 9, 2018. (ECF No. 156 (*Boone* 1); ECF No. 153 (*Boone* 2).)

## II. JURISDICTION

The court has jurisdiction over these matters pursuant to 28 U.S.C. § 1332(a)(1) based on Quicken Loans' allegations that there is complete diversity of citizenship between Plaintiffs and Quicken Loans, and the amount in controversy herein exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. (ECF No. 1 at 2 (*Boone* 1); ECF No. 1 at 2 (*Boone* 2).) Quicken Loans is a corporation organized under the laws of Michigan with its principal place of business in Detroit, Michigan. (ECF No. 1-2 at 3 ¶ 5 (*Boone* 1); ECF No. 1-2 at 3 ¶ 5 (*Boone* 2).) Plaintiffs are both citizens and residents of Orangeburg County, South Carolina. (ECF No. 1-1 at 8 ¶ 1 (*Boone* 1); ECF No. 1-1 at 9 ¶ 1 (*Boone* 2).) Moreover, the court is satisfied that the amount in controversy exceeds $75,000.00 in accordance with Plaintiffs' representation. (ECF No. 1 at 3–7 (*Boone* 1); ECF No. 1 at 3–7 (*Boone* 2).)

## III. LEGAL STANDARD AND ANALYSIS

In the February Orders, the court made the following observations in granting Quicken

---

[2] A plaintiff enforces a violation of the SCAPS through S.C. Code § 37-10-105(A). In addition to their attorney preference claims, Plaintiffs also alleged their entitlement to relief under S.C. Code §§ 37-10-105, -108, based on unconscionability. The court dismissed this claim on June 30, 2016. (ECF No. 44 (*Boone* 1); ECF No. 43 (*Boone* 2).)

Loans' Motions for Summary Judgment:

> Upon review, the court is persuaded that Quicken Loans did ascertain Plaintiffs' attorney preference in compliance with the SCAPS. First, an agent of Quicken Loans expressly asked Thelma Boone if Plaintiffs will "select legal counsel to represent them in this transaction."[3] After receiving Thelma Boone's response that Plaintiffs did not have counsel of preference, Quicken Loans (1) sent Plaintiffs an AIPC that advised them that they "have a right to select legal counsel to represent [the]m[] in all matters of this transaction relating to the closing of this loan" and (2) prepopulated the AIPC with the statement "I/We will not use the services of legal counsel." (ECF No. 1-1 at 13 (*Boone* 1); ECF No. 1-1 at 14 (*Boone* 2).) Upon their receipt of the AIPC, Plaintiffs reviewed it, signed it and faxed the document back to Quicken Loans.[4] There is no evidence before the court that Plaintiffs had any questions about the content of the AIPC. Thereafter, Plaintiffs had approximately five weeks (from September 19, 2012, to October 25, 2012) before the loan closing on October 26, 2012, to express an attorney preference to Quicken Loans. Not only did Plaintiffs not do this,[5] but Thelma Boone met with counsel chosen by Quicken Loans (Justin Tapp) the day before the closing and did not voice any displeasure with his performance.[6] In this regard, Plaintiffs' assertion of no preference is their preference. Based on the foregoing, the court predicts that the South Carolina Supreme Court would conclude that Quicken Loans did "ascertain . . . the preference of the borrower as to [] legal counsel . . . relating to the [instant] closing . . ." in compliance with the SCAPS. Accordingly, the court **GRANTS** Quicken Loans' Motion for Summary Judgment and **DENIES** Plaintiffs' Motion for Summary Judgment.

(ECF No. 154 at 9–10 (*Boone* 1); ECF No. 151 at 9–10 (*Boone* 2).) Plaintiffs seek to alter or

---

[3]   Q. Did you [Thelma Boone] express a preference for an attorney?
      A. No. (ECF No. 88-3 at 33:1–3 (*Boone* 1); ECF No. 86-3 at 33:1–3 (*Boone* 2).)
[4]   Q. Is that your [Thelma Boone] signature under Item 1?
      A. Yes.
      Q. Did you [Thelma Boone] sign it to confirm that it was correct?
      A. Yes. (ECF No. 88-3 at 33:4–8 (*Boone* 1); ECF No. 86-3 at 33:4–8 (*Boone* 2).)
[5]   Q. Did you [Thelma Boone] have an attorney that you wanted to close this loan at the time?
      A. No. (*Id.* at 14–16 (*Boone* 1); *Id.* at 14–16 (*Boone* 2).)
      Q. Did you [Vance Boone] express a preference for an attorney to close the loan?
      A. No, sir. (ECF No. 88-2 at 12:6–8 (*Boone* 1); ECF No. 86-2 at 12:6–8 (*Boone* 2).)
      Q. Did you [Vance Boone] talk to any other attorneys about representing you in the loan closing?
      A. No, sir. (*Id.* at 12–14 (*Boone* 1); *Id.* at 12–14 (*Boone* 2).)
[6]   Q. Did the attorney [Tapp] who closed the loan do a good job at the closing?
      A. Yes, I guess. (ECF No. 88-3 at 30:9–12 (*Boone* 1); ECF No. 86-3 at 30:9–12 (*Boone* 2).)

5

amend the foregoing pursuant to Rules 52 and 59.

A.     Applicable Standard under Rule 59(e)[7]

Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

B.     The Parties' Arguments

In their Motion, Plaintiffs focus their arguments on explaining why they disagree with the court's February Order. First, they state their disagreement with the court's conclusion that (1) "'an agent of Quicken Loans expressly asked Thelma Boone' any questions about her preference as to legal counsel" and/or (2) "Quicken Loans received any response from Thelma Boone prior to the dispatch of the prepopulated forms to her and Vance Boone." (ECF No. 156 at 2 (*Boone*

---

[7] The court observes that Rule 52(b) is inapplicable because this action did not go to trial. *See id.*; *see also State Farm Mut. Auto. Ins. Co. v. Medgyesy*, C/A No. 6:12-CV-00044-MGL, 2014 WL 11511695, at *1 (D.S.C. May 12, 2014) ("'Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding' or on a motion to dismiss in a habeas proceeding.") (quoting *Orem v. Rephann*, 523 F.3d 442, 451 n.2 (4th Cir. 2008)).

1); ECF No. 153 at 2 (*Boone* 2).) Next, Plaintiffs contend that even though they did not state an attorney preference, the SCAPS requires that a "lawyer must be counsel selected by the borrower," which Quicken Loans' attorney preference procedure fails to provide for a borrower. (*Id.* at 5 (*Boone* 1); *Id.* at 5 (*Boone* 2).) Finally, Plaintiffs express their dismay that the court's February Orders' language did not mimic the substantive findings contained in the Order entered denying Quicken Loans' Motion to Dismiss.[8] (*Id.* at 7 (quoting ECF No. 44 at 4–6) (*Boone* 1); *Id.* at 7 (quoting ECF No. 53 at 4–6) (*Boone* 2).)

Quicken Loans opposes Plaintiffs' Motion arguing that "[t]he Court's factual findings are supported by the undisputed evidence in the record" and "Plaintiffs offer no new evidence in support of their request." (ECF No. 157 at 2, 3 (*Boone* 1); ECF No. 154 at 2, 3 (*Boone* 2).) Quicken Loans further argues that Plaintiffs have failed to cite to any legal support for their claim that "the borrower must always have a preference for an attorney." (*Id.* at 6 (*Boone* 1); *Id.* at 6 (*Boone* 2).) Finally, as to the exhibit that was attached to Plaintiffs' Motion (*see* (ECF No. 156-1 (*Boone* 1); ECF No. 153-1 (*Boone* 2)), Quicken Loans asserts that "[t]he Court should

---

[8] In its June 30, 2016 Order, the court observed as follows:

> The legislative intent of the attorney preference statute is to protect borrowers by giving them the option to select their own counsel to assist them during the closing of the transaction. In protecting borrowers, the statute requires that lenders like Defendant ascertain Plaintiff's attorney preference. The facts as alleged by Plaintiff indicate that Defendant provided Plaintiff with a form where the attorney preference portion was already filled in, then required Plaintiff to sign the form. (ECF No. 1-1 at 9 ¶ 8-9.) Plaintiff further alleges that she was not allowed to choose an attorney to represent her in the transaction. (*Id.* at ¶ 12). If the facts as alleged by Plaintiff are true, it is hard to imagine how Defendant could have ascertained Plaintiff's preference for an attorney if Defendant essentially told Plaintiff what her preference was by providing her with an already completed form. If the facts as alleged are true, they would seem to support Plaintiff's allegation that she was deprived of a meaningful choice in selecting her attorney for this transaction.

(ECF No. 44 at 6 (*Boone* 1); ECF No. 43 at 6 (*Boone* 2).)

7

reject Plaintiffs' filing of the Department's amicus brief[9] because it is in direct contravention of the Court's Order and is an improper attempt to refashion their argument and expand the record at the 59(e) stage." (ECF No. 157 at 8 (*Boone* 1); ECF No. 154 at 8 (*Boone* 2).)

C.  The Court's Review

Plaintiffs do not reference either an intervening change in controlling law or new evidence previously unavailable. Based on its review of Plaintiffs' filings (ECF Nos. 156, 158 (*Boone* 1); ECF Nos. 153, 155 (*Boone* 2)), the court can only conclude that Plaintiffs are seeking to alter or amend the February Orders on the basis that the court's decisions were either clear error of law or resulted in a manifest injustice to Plaintiff. Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); *Miller v. Mercy Hosp., Inc.*, 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

---

[9] The South Carolina Department of Consumer Affairs ("DCA") filed an Amicus Curiae Brief in the matter of *Quicken Loans, Inc. v. Wilson*, App. Case No. 2016-001214 (S.C. Ct. App.). In the brief, the DCA asked that the appellate court "uphold the Special Referee's ruling that Quicken violated the attorney preference statute." (ECF No. 156-1 at 16 (*Boone* 1); ECF No. 153-1 at 16 (*Boone* 2).)

In the February Order (ECF No. 154 (*Boone* 1); ECF No. 151 (*Boone* 2)), the court cited to appropriate substantive case law and provided specific reasoning to support its decisions to find that Quicken Loans did ascertain Plaintiffs' preference as to legal counsel in accordance with the SCAPS. Moreover, in contrast to its Orders on Quicken Loans' Motions to Dismiss (ECF No. 44 (*Boone* 1); ECF No. 43 (*Boone* 2)), the court did not have to rely solely on Plaintiffs' allegations and was able to reference specific testimony from Plaintiffs' depositions leading to the conclusion that there was no genuine issue as to any material fact and that Quicken Loans was entitled to judgment as a matter of law.

Upon review of the instant Motions, the court observes that Plaintiffs' arguments add very little new substantive argument to what they have already presented on the aforementioned issues. (*See, e.g.*, ECF Nos. 91, 105, 106 & 149 (*Boone* 1); ECF No. 89, 103, 104 & 147 (*Boone* 2).) A Rule 59(e) motion should not be used as an opportunity to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); *see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC*, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted."). In this regard, the court is not persuaded that entry of the February Orders resulted in the commission of either clear error of law or manifest injustice. Accordingly, the court must deny Plaintiffs' Motions to Alter or Amend Judgment.

IV. **CONCLUSION**

For the reasons set forth above, the court hereby **DENIES** Plaintiffs Thelma Boone and

Vance L. Boone's Motions to Alter or Amend Judgment pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure.  (ECF No. 156 (*Boone* 1); ECF No. 153 (*Boone* 2).)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 2, 2018
Columbia, South Carolina